{¶ 17} We are asked today to determine whether the trial court erred when it determined that the City had presented sufficient evidence to support a jury's verdict of guilty beyond a reasonable doubt on a charge of criminal damaging. On appeal, Garrett challenged the sufficiency of proof on a single element: whether the City had proven that physical harm was done to property without the consent of the owner. The standard of review dictates that the reviewing court view the evidence in the light most favorable to the prosecution, and in so doing, decide whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) Jackson v.Virginia (1979), 443 US. 307, 319. While the majority acknowledges that either circumstantial or direct evidence may satisfy the burden of proof with equal efficacy, the opinion fails to recognize that the record below supports the sufficiency of the evidence based upon the application of this very standard.
 {¶ 18} Cox, the owner of the premises, did not sign the complaint; nor did he testify at trial. However, the record is replete with evidence which, when construed in a light most favorable to the prosecution, proves circumstantially that Garrett did not have the consent of Cox to destroy the camera mounted on his building. First, the purpose of the cameras mounted outside the bar was to provide security and monitor the parking lot and entrances to the bar. Second, Garrett was asked to leave the bar because of his raucous behavior. Third, when the bar employees realized Garrett had broken the camera, they immediately called the police. Finally, when Cox was called by his employees to provide access to the surveillance video, he came to the bar and cooperated with the police.
 {¶ 19} Reason and common sense dictate that, had he given permission to Garrett to destroy his property, Cox would have: 1) advised his staff of the same when they called him, 2) *Page 9 
advised the police when they asked to see the surveillance video, or 3) forbidden his employee from signing charges which began the prosecution against Garrett. The jury was permitted to draw reasonable inferences from the admissible evidence before them, and they did so. This did not amount to "filling in the blanks" as the majority contends. It simply demonstrated that the jury properly followed the instructions given by the trial court and faithfully discharged its duty.
 {¶ 20} It would not have been a strain for the prosecutor to ask the direct question about consent. That fact notwithstanding, today's decision misses the mark. The majority concedes that the result of its decision is absurd. About that, we agree. Their interpretation of the City's statute frustrates the objective of City Council and turns the ordinance on its head. Whatever the reasons for the City including in the statute an element of "lack of consent," the facts of the instant case, when viewed in a light most favorable to the prosecution, satisfy that standard. I would affirm the conviction. *Page 1